UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **TYSON HOBAN**, | 2:18-CV-12011-TGB |
| Plaintiff, | |
| vs. | **ORDER DENYING MOTION TO QUASH** |
| **KEVIN SPRAGUE**, **et al.**, | |
| Defendants. | |

## I. Background

Plaintiff Tyson Hoban alleges that he was beaten in Flint City Lock-Up, operated by the Genesee County Sheriff Department, in violation of his Fourth, Eighth, and Fourteenth Amendment rights to be free from excessive force and cruel and unusual punishment. Complaint, ECF No. 1. His Complaint also includes a count seeking damages for assault and battery under Michigan law. *Id.*

The incident giving rise to this lawsuit took place on June 2, 2018. While Plaintiff was booked into the jail after his arrest, Defendants allegedly pushed Plaintiff to the ground, pinned him down, sprayed him

1

with pepper spray, and punched him repeatedly. *Id.* at PageID.5. Plaintiff admits that he used offensive language but maintains that he was not acting in a physically aggressive manner. *Id.* Plaintiff claims that he suffered serious injuries that Defendants delayed seeking medical attention for him for an hour and twenty-five minutes. *Id.*

In discovery, Plaintiff seeks production of the internal investigation report that the Genesee County Sheriff's Department completed in response to the incident. This matter is now before the Court on Defendants' Motion to Quash Plaintiff's Subpoena. ECF No. 17. The Court ordered Defendants to submit the report for *in camera* review, ECF No. 29, which they did on June 14, 2019.

**II. Analysis**

As an initial matter, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Because "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation," the discovery rules "are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *see also Schlagenhauf v. Holder*, 379 U.S. 104, 114–115 (1964)

(citing *Hickman*). Defendants raise two arguments in support of their position that the Court should grant them an exemption from liberally-construed discovery rules.

First, Defendants argue that public policy favors keeping their internal investigation confidential. And second, they argue that the report is privileged pursuant to the deliberative process privilege. The Court addresses each argument below.

### a. Public policy arguments cannot overcome the presumption in favor of broad discovery.

Defendants rely on two central cases for their argument that public policy concerns support their position that the internal investigation report should be protected from public disclosure. First, they cite *Garrity v. New Jersey*, 385 U.S. 493 (1967), a case in which the Supreme Court held that police officers' statements taken during an investigation could not be used against them in a subsequent criminal trial because the officers were told that they would be fired if they refused to answer questions. The Supreme Court determined that use of these statements violated the officers' Fifth Amendment right against self-incrimination. Defendants concede that *Garrity* does not control the outcome of this motion but argue that the same principles underlying *Garrity* warrant

quashing the subpoena. The Court disagrees. *Garrity* rests on the principle of the Fifth Amendment's right not to be compelled in any criminal case to be a witness against oneself. The rule in *Garrity* protects that right by preventing statements given during internal investigations from being used in any subsequent criminal cases. In a civil case, there is no criminal penalty at issue. A witness may choose not to testify in a civil case by invoking the Fifth Amendment, although the jury may draw an adverse inference from such an invocation that the testimony would be unfavorable. Defendants mischaracterize *Garrity* when they interpret it as "afford[ing] protections in order to encourage cooperation within an internal investigation." ECF No. 17 PageID.123. *Garrity* affords protections in criminal prosecutions in order not to violate the Constitution.

Second, Defendants cite a Michigan Supreme Court case exempting a police department's internal investigation report from disclosure pursuant to the Michigan Freedom of Information Act (MFOIA). *Kent Cnty Depute Sheriff's Ass'n v. Kent Cnty Sheriff*, 463 Mich. 353 (2000). The Michigan Supreme Court interpreted a provision in MFOIA allowing a public body to exempt personnel records of law enforcement agencies

4

from disclosure "[u]nless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance." Mich. Comp. Laws § 15.243. In applying this balancing test, the Michigan court found that public interest favors nondisclosure, reasoning that disclosure of the report would make it more difficult for the police department to convince officers to participate in future investigations. *Kent Cnty*, 463 Mich. at 365.

Decisions of a state court interpreting state law do not bind this Court. And Defendants' argument that public policy requires that they be able to withhold otherwise relevant discovery does not appear to be grounded in any federal rule. Moreover, the balancing test that Michigan courts use to determine whether documents are exempted from production under MFOIA cannot cleanly apply here, because the instant matter relates to *discovery*, not *public disclosure*—Plaintiff has offered to stipulate to a protective order prohibiting public disclosure of the report. The interests at stake in producing clearly relevant evidence to the other side in a civil action are different from those involved when a citizen is seeking public disclosure of internal government documents. But even if we were to apply the MFOIA exemption rule to the facts of this case, the

5

Court cannot conclude that the benefits to the public of nondisclosure outweigh the benefits of disclosure in this case.

Plaintiff seeks materials that include transcripts of the interviews of the officers who were involved in the altercation with Plaintiff, taken shortly after the incident occurred. Disclosure of such material constitutes a benefit to the public that outweighs the concern of Defendants that, in the future, officers may not be willing to participate in internal investigations. While employees may not *want* to participate in internal investigations that could eventually become public, employers frequently require employees to do things that they may not necessarily wish to do—particularly when they involve investigations of possible misconduct by those employees.

A rule guaranteeing that the results of internal investigations should permanently remain shrouded in secrecy does not protect the public. It is possible, as Defendants argue, that guaranteed secrecy might make officers feel more comfortable answering questions truthfully, even if that truth is embarrassing or inculpating. But the Court is unwilling to assume that employees would be untruthful if made aware that their answers may become known to the public—and making decisions based

on such an assumption would not serve the interests of justice. For these reasons, Defendants' public policy argument is unavailing.

Defendants also argue that the internal investigation report would be cumulative, citing Fed. R. Civ. P. 26(b)(2)(C)(ii), which, if true, would require the Court to "limit" the discovery. ECF No. 17 PageID.122. To make this argument, Defendants rely on Plaintiff's ability to depose individuals whom the sheriff's department interviewed to compile the internal investigation report. But Defendants have not established that witnesses deposed would testify identically to their responses during the internal investigation. Prior statements of witnesses are crucial to effective cross-examination. The internal investigation interviews were completed closer in time to the event giving rise to this suit and may therefore be more reliable than depositions conducted months later. Alternatively, Plaintiff may wish to ask additional questions of deposed witnesses based on their interview transcripts contained in the internal investigation report. The internal investigation report is therefore not cumulative.

### b. The deliberative process privilege does not apply to the internal investigation report.

Defendants' second argument is that the internal investigation report is protected by the deliberative process privilege, exempting it from discovery under Fed. R. Civ. P. 26. The deliberative process privilege "covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975)).[1] To be covered by the deliberative process privilege, a document must be both "predecisional" and "deliberative." *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002). The privilege "does not extend to 'objective facts' upon which an agency's decisions are based." *Jordan v. City of Taylor*, No. 14-13796,

---

[1] Although these Supreme Court cases interpret the federal Freedom of Information Act (FOIA), the framework for the deliberative process privilege is the same in the FOIA context as in the civil discovery context. This is because FOIA exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The Supreme Court has therefore "incorporate[ed] civil discovery privileges," including the deliberative process privilege, into FOIA disclosure exemptions. *Klamath*, 532 U.S. at 8. This differs from the MFOIA exemption discussed in subsection (a)—MFOIA's exemption in Mich. Comp. Laws § 15.243 does not incorporate civil discovery privileges.

2015 WL 2384057, at *1 (E.D. Mich. May 19, 2015) (quoting *Kaiser v. Aluminum & Chemical Corp. v. United States*, 157 F. Supp. 939 (Ct. Cl. 1958)).

Upon review of the internal investigation report, the Court has determined that no material is predecisional, deliberative, *and* non-factual. The report submitted to the Court for *in camera* review contains the following:

- Internal Investigation Report by Undersheriff Christopher Swanson;
- Request for internal investigation by Captain Jason Gould;
- Transcript of internal interview with Deputy Griffin Lloyd;
- Transcript of internal interview with Sergeant Kevin Sprague;
- Transcript of internal interview with Deputy Mark Zilinski;
- Summary of the discipline hearing for Deputy Lloyd;
- Notice of disciplinary action to Deputy Lloyd; and
- Acknowledgments of *Garrity* rights signed by Kevin Sprague, Griffin Lloyd, and Mark Zilinski.

Undersheriff Swanson's Internal Investigation Report is a summary of the evidence reviewed by Swanson in connection with the incident. The

Report is predecisional to the question of whether any disciplinary action should be taken. Although the Report contains a "Conclusion" section, that section merely compares statements given by Deputy Lloyd to Undersheriff Swanson's summary of the evidence he reviewed. It does not make any conclusion as to Deputy Lloyd used excessive force or whether the department should discipline him. The report recounts what Undersheriff Swanson saw in the videotapes, what he heard in the officers' statements, and how they compare with the statements made by Deputy Lloyd. It is primarily a summary of objective facts. Consequently, the Internal Investigation Report itself is predecisional but does not disclose any deliberations by the Sheriff's Department.

The remaining documents likewise contain only objective factual information and do not show any "advisory opinions, recommendations [or] deliberations" as set forth in *Klamath*. *See Jordan v. City of Taylor*, No. 14-13796, 2015 WL 2384057, at *2 (E.D. Mich. May 19, 2015) (finding that a police department internal investigation "with two small exceptions" is "purely factual" and not privileged because it contains the officers' statements about what they observed and what they did); *see also Kirk v. Kulwicki*, No. 07-14146, 2008 WL 1882690, at *1 (E.D. Mich. Apr.

24, 2008) (finding that facts on which a decision was based were discoverable in a prison's internal investigation about excessive use of force).

There is also case law in this district holding that the deliberative process privilege should *not* be extended to law enforcement internal investigation reports of the kind at issue here because "[t]he deliberative process privilege should be invoked only in the context of communications designed to directly contribute to the formulation of important public policy." *Austin v. Redford Twp Police Dept.*, No. 2:08-CV-13236, 2011 WL 13324125, at *9 (E.D. Mich. Mar. 18, 2011) (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 612 (N.D. Cal. 1995)). The sheriff's department did not use the internal investigation report and accompanying materials to formulate public policy; instead, it used the report to determine whether to discipline individual officers. Additionally, *Austin* notes, "where there is reason to believe the documents sought may shed light on government misconduct, the privilege is routinely denied, on the grounds that shielding internal government deliberations in this context does not serve the public's interest in honest, effective government." 2011 WL 13324125, at *9 (quoting *Hinkley v. United States*, 140 F.3d 277, 285

11

(D.C. Cir.); *accord In re United States v. NorCal Tea Party Patriots*, 817 F.3d 953, 959 (6th Cir. 2016) (crediting the IRS' admission that the deliberative process privilege "can be waived in cases involving 'government misconduct'"). In this case, as stated above, the Internal Investigation Report of Undersheriff Swanson almost entirely comprises facts and summaries of the evidentiary record, it does not generally reveal deliberative processes of the Sheriff's Department, and it does not contribute to the formulation of public policy. And it does relate to government misconduct.

Taking all these factors into account, the Court will not withhold this report, or any of its supporting materials, based on the deliberative process privilege.

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Quash is **DENIED**. Given the sensitivity of these materials, they should not be filed on the public docket. The Parties are therefore **ORDERED** to submit a proposed stipulated protective order governing the discovery of the internal investigation report within fourteen (14) days of the date of this Order.

**SO ORDERED.**

DATED July 17, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge